UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 8:18-cv-00780-CEH-CPT

MICHAEL A. BASS,
BAD WOLF TAXES AND
ACCOUNTING LLC,

    Defendants.
_____/

**DEFENDANTS MICHAEL A. BASS AND BAD WOLF TAXES
AND ACCOUNTING LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Michael A. Bass and Bad Wolf Taxes and Accounting LLC, by and through their undersigned counsel and pursuant to Rules 8(b) and (c) of the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses.

    1.      Defendants admit this Court's jurisdiction.

    2.      Defendants admit that venue is proper.

    3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore deny them.

    4.      Defendants admit the allegations as they relate to Bass and Bad Wolf Taxes and Accounting LLC. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore deny them.

    5.      The allegations in paragraph 5 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

6. The allegations in paragraph 6 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

7. Defendants admit that Doletzky was a Liberty Tax Service Area Developer for stores owned and controlled by Defendants from approximately 2011 through 2014. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 and therefore deny them.

8. The allegations in paragraphs 8 through 11 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Doletzky conducted training sessions but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and therefore deny them.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit that Bad Wolf Taxes & Accounting is an active Florida corporation and that Bass was the owner and sole officer of Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and therefore deny them.

14. The allegations in paragraphs 14 through 16 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit that Bad Wolf Taxes and Accounting LLC employed one or more persons to prepare federal tax returns for compensation but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore deny them.

20. Defendants deny the allegations in paragraph 20 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 and therefore deny them.

21. Defendants deny the allegations in paragraph 21 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 and therefore deny them.

22. Paragraph 22 states conclusory allegations to which no reply is required. To the extent a reply is required, Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 and therefore deny them.

24. The allegations in paragraph 24 through 27 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

28. Paragraph 28 states conclusory allegations to which no reply is required. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore deny them.

29. Paragraph 29 states conclusory allegations to which no reply is required. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore deny them.

30. Defendants deny the allegations in paragraph 30 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 and therefore deny them.

31. The allegations in paragraph 31 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

32. Defendants deny the allegations in paragraph 32 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 and therefore deny them.

33. Defendants deny the allegations in paragraph 33 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 and therefore deny them.

34. Defendants deny the allegations in paragraph 34 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 and therefore deny them.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore deny them.

36. Paragraph 36 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore deny them.

37. Paragraph 37 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore deny them.

38. Paragraph 38 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore deny them.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore deny them.

40. Defendants answer that the cited statistic speaks for itself, admit that tax returns were prepared at stores owned by Bass claiming the EITC, and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 and therefore deny them.

41.     Defendants answer that the allegations in paragraphs 41 through 42 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

44.     Defendants answer that the allegations in paragraph 44 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

45.     Defendants deny directing the filing of fraudulent income tax returns. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 45 and therefore deny them.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore deny them.

47.     Defendants answer that the allegations in paragraphs 47 through 48 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

49.     Defendants deny controlling or directing the filing of income tax returns claiming improper EITC credits. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49 and therefore deny them.

50. Defendants deny controlling or directing the filing of income tax returns claiming false and fraudulent refunds. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 and therefore deny them.

51. Paragraph 51 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore deny them.

52. Defendants answer that the allegations in paragraphs 52 through 53 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

54. Defendants admit the allegations in paragraph 54.

55. Paragraph 55 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore deny them.

56. Defendants answer that the allegations in paragraph 56 relate solely to defendants other than answering Defendants and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore deny them.

57. Defendants deny charging unconscionably high fees. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 and therefore deny them.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore deny them.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore deny them.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore deny them.

61. Defendants deny engaging in fraudulent practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61 and therefore deny them.

62. Defendants deny engaging in misconduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 and therefore deny them.

63. Defendants deny engaging in misconduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 and therefore deny them.

64. Defendants deny engaging in misconduct. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 and therefore deny them.

65. Defendants deny engaging in improper conduct or fraudulent practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65 and therefore deny them.

66. Defendants admit or deny the allegations in paragraph 66 as set forth in paragraphs 1 through 65 of this Answer.

67. Paragraph 67 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore deny them.

68. Paragraph 68 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore deny them.

69. Paragraph 69 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and therefore deny them.

70. Defendants deny the allegations in paragraph 70 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 and therefore deny them.

71. Defendants deny the allegations in paragraph 71 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 and therefore deny them.

72. Defendants deny the allegations in paragraph 72 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 and therefore deny them.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 and therefore deny them.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 and therefore deny them.

75. Defendants deny the allegations in paragraph 75 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 75 and therefore deny them.

76. Defendants deny the allegations in paragraph 76 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 76 and therefore deny them.

77. Defendants deny the allegations in paragraph 77 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77 and therefore deny them.

78. Defendants admit or deny the allegations in paragraph 78 as set forth in paragraphs 1 through 65 of this Answer.

79. Paragraph 79 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and therefore deny them.

80. Paragraph 80 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and therefore deny them.

81. Defendants deny the allegations in paragraph 81 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 81 and therefore deny them.

82. Defendants deny the allegations in paragraph 82 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 82 and therefore deny them.

83. Defendants admit or deny the allegations in paragraph 83 as set forth in paragraphs 1 through 65 of this Answer.

84. Paragraph 84 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and therefore deny them.

85. Defendants deny the allegations in paragraph 85 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85 and therefore deny them.

86. Defendants deny the allegations in paragraph 86 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86 and therefore deny them.

87. Defendants admit or deny the allegations in paragraph 87 as set forth in paragraphs 1 through 65 of this Answer.

88. Paragraph 88 states conclusory allegations to which no reply is required, the Internal Revenue Code and associated regulations speak for themselves. To the extent a reply is

required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and therefore deny them.

89. Defendants deny the allegations in paragraph 89 as they relate to Bass and Bad Wolf Taxes & Accounting. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89 and therefore deny them.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and therefore deny them.

91. Defendants deny that Plaintiff is entitled to the relief it seeks under the claims asserted or otherwise.

## AFFIRMATIVE DEFENSES

Plaintiff has failed to establish a right to relief based on its allegations. In addition, the following affirmative defenses nullify any potential claims by Plaintiff:

**First Affirmative Defense:** The Complaint fails to state a claim upon which injunctive relief and disgorgement can be granted.

**Second Affirmative Defense:** There is no likelihood that Defendants will commit future violations and Plaintiff is therefore not entitled to injunctive relief.

**Third Affirmative Defense:** Plaintiff's claims are barred in whole or in part because the Plaintiff failed to plead fraud with particularity as to the answering Defendants.

**Fourth Affirmative Defense:** Plaintiff's claims are barred in whole or in part because Defendants acted in good faith.

**Fifth Affirmative Defense:** Plaintiff's claims are barred in whole or in part because of the pertinent statutes of limitation.

**Sixth Affirmative Defense:** Plaintiff's claims are barred in whole or in part because answering Defendants cannot be held vicariously liable for the alleged false or fraudulent federal income tax returns caused by the conduct of third parties.

Dated: May 30, 2018                                             Respectfully submitted,

<u>s/Matthew J. Mueller</u>
Matthew J. Mueller, FBN: 047366
WIAND GUERRA KING, P.A.
5505 West Gray Street
Tampa, Florida 33609
Tel: 813-347-5100
Fax: 813-347-5198
Email: mmueller@wiandlaw.com

*Attorney for Michael A. Bass and Bad Wolf Taxes and Accounting LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 30, 2018, I electronically filed the foregoing with the Clerk of the Court and the parties of record by using the CM/ECF system.

**s/Matthew J. Mueller**
*Attorney for Michael A. Bass and Bad Wolf Taxes and Accounting LLC*