UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 8:18-cv-780-T-36CPT

STEVEN M. DOLETZKY, V.J.S.D.
SERVICES LLC, MICHAEL A. GARNO,
MICHAEL A. BASS, and BAD WOLF
TAXES AND ACCOUNTING LLC,

    Defendants.
_____/

**O R D E R**

This cause is before the Court on the *United States' Motion for Rule 37 Sanctions Against Steven Doletzky, Including Contempt of Court.* (Doc. 50). For the reasons discussed below, the government's motion is granted in part and denied in part.

I.

The United States commenced this civil enforcement action in April 2018, alleging that Defendants Steven Doletzky, Michael Garno, Michael Bass, Bad Wolf Taxes and Accounting LLC, and V.J.S.D. Services LLC oversaw the filing of fraudulent federal income tax returns as the owners/operators of multiple Liberty Tax Service tax preparation franchises in Florida. (Doc. 1).

Following the Defendants' filing of their respective answers (Docs. 22-24, 27), the Court entered a Case Management and Scheduling Order (CMSO) in July 2018, which included an initial disclosures deadline of August 10, 2018, and a discovery deadline of September 6, 2019 (Doc. 39).

In October 2018, the government filed a motion to compel Doletzky to comply fully with his initial disclosures obligations and to produce other requested discovery. (Doc. 43). The latter included verified answers to the government's first set of interrogatories and responses to the government's first requests for production. *Id.*

Doletzky did not timely respond to the government's motion, prompting the Court to enter an Order directing him to do so by November 16, 2018. (Doc. 45). When Doletzky failed to comply with that directive, the Court entered another Order on November 21, 2018, granting the government's motion to compel and mandating that Doletzky tender the sought-after disclosures and discovery responses within fourteen days of the date of the Order. (Doc. 47).

Roughly three and a half months later, the government filed the instant motion alleging that Doletzky had yet to satisfy the dictates of the Court's November 21 Order. Citing Federal Rule of Civil Procedure 37, the government requests that the Court order Doletzky to pay the reasonable costs the government incurred in bringing the instant motion, hold him in civil contempt, and grant him seven days to purge his contempt by fully remedying his violations. *Id.* at 7-8. Failing a successful purge of the contempt, the government asks that the Court strike Doletzky's answer and enter a default judgment and permanent injunction against him. *Id.*

Doletzky did not respond to the government's motion, and the Court thereafter entered an Order on March 27, 2019, directing Doletzky to show cause in writing why he should not be sanctioned and scheduling the matter for a Show Cause hearing on April 23, 2019. (Doc. 54).

At that hearing,[1] Doletzky appeared and conceded that he had not fully complied with the Court's November 21 Order. In mitigation, he professed he did not fully understand what was required of him and believed that government counsel was seeking compliance in an unreasonable manner. Doletzky added that, prior to the hearing, he had produced a large box of documents to the government and had also given the government his password so that it could access his email account. He additionally offered to provide a signed verification page for his interrogatory responses and agreed to confer with government counsel regarding the remaining outstanding items.

After the April 23 hearing, the government confirmed that Doletzky had provided it with a signed verification for his interrogatory answers. (Doc. 62). While it therefore appears Doletzky has now satisfied the Court's November 21 Order in one respect, remaining for the Court's resolution are the appropriate means to gain Doletzky's compliance with the outstanding disclosures and discovery items and a suitable sanction for his disregard of the Court's prior Orders.

---

[1] The Court also heard argument at that hearing on the *United States' Motion for Leave to Take Additional Depositions*. (Doc. 47). The Court ruled on that motion via a separate Order entered on April 30, 2019. (Doc. 63).

II.

*A. Initial Disclosures*

The Court begins its discussion with Doletzky's untimely initial disclosures. The scope of such disclosures is governed by Rule 26(a)(1), which mandates that a civil litigant must provide the other parties to the action with the following items without awaiting a discovery request:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;[2] and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).

---

[2] Because Doletzky is a defendant in this action and has not asserted a counterclaim, this damages computation provision is most likely inapplicable to him.

The Court has already twice ordered Doletzky to provide these initial disclosures—once in its CMSO (Doc. 39) and again in its November 21 Order (Doc. 47). Given Doletzky's *pro se* status and his assertion that he did not understand his responsibility in this regard, the Court will offer him one final opportunity to do so.

Accordingly, Doletzky shall fully comply with his initial disclosure obligations under Rule 26(a)(1) **within seven (7) days of the date of this Order**. Such disclosures must be in writing, signed by Doletzky, and served upon government counsel as well as all other parties to this action. Doletzky is admonished that failure to comply with these requirements may result in the imposition of additional sanctions against him, as more fully discussed below.

The Court notes in this regard that, while it recognizes that Doletzky is not an attorney and is proceeding *pro se*, he is nonetheless required to follow the Federal Rules of Civil Procedure, the Middle District of Florida's Local Rules, as well as the Orders of the Court. To this end, the Court advises Doletzky to consult resources available to *pro se* litigants. Doletzky may seek advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the opportunity to solicit and obtain free, limited assistance from lawyers regarding the procedures governing federal cases. The rotating group of attorneys who staff this program are available on Tuesdays from 1:00 to 2:30 p.m. on the second floor of the Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. A brochure containing further information about the program is available at

https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-legal-information-program-tampa.pdf.

In addition, the Court recommends that Doletzky visit the Middle District of Florida's resources for litigants without lawyers,[3] which includes a "Guide for Proceeding Without a Lawyer." The Middle District's website also includes helpful links to the Federal Rules of Civil Procedure[4] and the Middle District Civil Discovery Handbook.[5]

### B. Requests for Production of Documents

Turning to the government's Requests for Production of Documents, it is uncontested that Doletzky has provided the government with a box of responsive documents, as well as access to an email account. At the Show Cause hearing, the government advised it had received such materials but needed confirmation from Doletzky that: (a) he has tendered all of the relevant, responsive documents within his custody, possession, or control; (b) he did not maintain and/or has not previously used any other email addresses during the relevant time period; and (c) he has not withheld any documents on the grounds of privilege or other protection. The Court finds the government's position entirely reasonable under the circumstances.

As such, **within seven (7) days of the date of this Order**, or as otherwise agreed by the parties, Doletzky shall provide the following:

---

[3] https://www.flmd.uscourts.gov/litigants-without-lawyers
[4] https://www.uscourts.gov/sites/default/files/rules-of-civil-procedure.pdf
[5] https://www.flmd.uscourts.gov/sites/flmd/files/documents/florida-middle-district-courts-civil-discovery-handbook.pdf

1. Any additional documents over which he has possession, custody, or control[6] that are responsive to the United States' First Requests for Production of Documents.

2. A list, signed under penalty of perjury, of any other email addresses Doletzky maintained or used during the last ten years, along with an explanation of whether he continues to have access to any such email accounts and, if he no longer has such access, any other information he possesses bearing on who may be able to access any such email accounts.

3. A certification, signed under penalty of perjury, that Doletzky has provided all non-privileged documents within his possession, custody, or control that are responsive to the United States' First Requests for Production of Documents.[7]

4. If Doletzky has withheld any documents from production on the basis of privilege or any other protection, he must provide a privilege log in accordance Federal Rule of Civil Procedure 26(b)(5).[8] If, on the other hand, Doletzky has not

---

[6] Under Federal Rule of Civil Procedure 34, discovery is not limited to those documents in one's personal possession. A party is also subject to discovery of documents within his "control," which is "defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Siegmund v. Xuelian Bian*, 746 F. App'x 889, 891 (11th Cir. 2018) (citing *Searock*); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (same).

[7] If additional documents or information are discovered after Doletzky has made this certification, he is obligated to provide supplementation in accordance with Federal Rule of Civil Procedure 26(e).

[8] This Rule requires that a party asserting privilege or protection "expressly make the claim" and "describe the nature of the documents" not disclosed "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

withheld any documents, he shall so state, in writing and signed under penalty of perjury. As above, Doletzky is admonished that failure to comply with these directives may result in the imposition of additional sanctions, as more fully discussed below.

III.

Turning to the appropriate sanctions for Doletzky's conduct, the Court notes that, thus far in these proceedings, Doletzky has displayed a disregard for both the Federal Rules of Civil Procedures and Court Orders. In particular, Doletzky failed to: (1) provide his initial disclosures in compliance with Rule 26 and the Court's CMSO; (2) tender responses to the government's discovery requests; (3) respond to the government's motion to compel discovery; (4) comply with the Court's Orders dated November 6 and 21, 2018; and (5) file a written response as directed in the Court's March 27, 2019, Show Cause Order. *See* (Docs. 39, 45, 47, 54). His inattention to this case, his uncooperative (if not obstructive) behavior, and his failure to abide by the Court's Orders cannot be countenanced.

To remedy this pattern, the Court looks to Federal Rule of Civil Procedure 37, which authorizes the imposition of "just" sanctions against a party that fails to make the required disclosures or violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2), (c)(1); *see also* Fed. R. Civ. P. 16(b) (authorizing the court to impose sanctions pursuant to Rule 37 for a party's "fail[ure] to obey a scheduling or other pretrial order"). The rule itself includes a list of possible sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

8

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Regardless of whether the Court imposes any other sanction, once the Court finds that a party has failed to comply with its discovery order, it "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(c).

Strict adherence to Rule 37 serves to thwart parties from "flouting discovery orders." *Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (quotation omitted). As such, sanctions "are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). And, parties who are proceeding *pro se* are "subject to sanctions like any other litigant." *Smith v.*

*Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)).

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That discretion, however, is not unbridled. It is axiomatic that the magnitude of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that permissible purposes of sanctions are to compensate the court or parties for added expenses, compel discovery, deter misconduct, or punish the guilty party) (quotation marks and footnote omitted).

For instance, civil contempt for non-compliance with discovery orders, which the government seeks here, is a harsh sanction that requires the movant to establish by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation omitted) (emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted). "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance . . . ." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (internal quotation marks omitted). If contempt is appropriate, the Court may provide remedial relief in the form of "a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *F.T.C. v. RCA Credit*

*Servs., LLC*, 2012 WL 11406549, *1 (M.D. Fla. Mar. 20, 2012) (citations omitted); *see also Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

In addition to contempt, the severest of sanctions—dismissal or default judgment, which the government proposes if Doletzky fails to purge the requested contempt—are appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Mene v. Marriott Int'l Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007); *United States v. Varnado*, 447 F. App'x 48, 51 (11th Cir. 2011).

Upon due consideration of the matter, the Court finds that contempt proceedings are premature at this time. Several considerations guide the Court's decision in this regard. While Doletzky has not fully satisfied his discovery obligations, he has tendered some materials to the government, including a large box of documents and the password to an email account. In addition, he provided answers (albeit unverified ones) to the government's first set of interrogatories.

Further, at the Show Cause hearing—Doletzky's first appearance before the undersigned—the Court discussed with him the gravity of the situation and his responsibilities to conduct himself accordingly. Doletzky, who has been unrepresented throughout this matter, appeared to appreciate the seriousness of the Court's admonitions and the potential consequences that would follow if he continued to defy Court Orders and the governing rules.

In addition, the parties are still well within the discovery period designated by the CMSO. (Doc. 39). As a result, any alleged prejudice suffered by the government

11

due to Doletzky's noncompliance may be still be redressed if Doletzky provides those materials discussed in Section II, *supra*.

In light of the present circumstances mitigating against a contempt finding, lesser sanctions than those the government seeks are appropriate. Because Doletzky has made no showing that his actions were substantially justified or that other circumstances make an award of expenses unjust, such sanctions shall consist of payment of the government's reasonable expenses, including attorney's fees, incurred in bringing both its motion to compel (Doc. 43) and its motion for sanctions (Doc. 50). Fed. R. Civ. P. 37(c). The Court reiterates its warning to Doletzky that if he fails in the future to abide by Court Orders and the rules to which he is subject, including the Federal Rules of Civil Procedure and the Middle District's Local Rules, the Court will not hesitate to consider imposing more severe sanctions upon him.

IV.

In light of the above, it is hereby ORDERED:

1. The *United States' Motion for Rule 37 Sanctions Against Steven Doletzky, Including Contempt of Court* (Doc. 50) is GRANTED in part and DENIED in part.

2. As more particularly described above, Doletzky shall fully comply with his initial disclosure obligations under Rule 26(a)(1) within seven (7) days of the date of this Order.

3. As also more particularly described above, within seven (7) days of the date of this Order, or as otherwise agreed by the parties, Doletzky shall provide the

above-referenced information regarding the United States' First Requests for Production of Documents.

4. Doletzky shall pay the United States' reasonable expenses incurred in bringing its motion to compel (Doc. 43) and its motion for sanctions (Doc. 50).

5. Within ten (10) days hereof, the government shall file an affidavit in support of its claim of such reasonable expenses.

6. If Doletzky disputes the reasonableness of the government's claimed expenses, he may file an objection to the government's affidavit within ten (10) days thereafter.

7. To the extent not granted hereby, the United States' motion is denied without prejudice.

DONE and ORDERED in Tampa, Florida, this 23rd day of May 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party