Upon consideration, IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,　　　　　　　　　　　　Case No. 8:18-cv-780-CEH-CPT

    v.

STEVEN M. DOLETZKY; V.J.S.D.
SERVICES LLC; MICHAEL A. GARNO;
MICHAEL A. BASS; AND BAD WOLF
TAXES AND ACCOUNTING LLC
all d/b/a LIBERTY TAX SERVICE,

    Defendants.
_____/

**ORDER AND JUDGMENT OF PERMANENT INJUNCTION AND
DISGORGEMENT AGAINST MICHAEL A. GARNO**

Now before the Court is the Joint Motion by the United States and Michael A. Garno for Entry of Injunction Order and Judgment (Doc. No. 92). Upon consideration, the Court **GRANTS** the Joint Motion and enters the following Order and Judgment of Permanent Injunction and Disgorgement against Defendant Michael A. Garno:

**IT IS HEREBY ORDERED** that Defendant Michael A. Garno is **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, effective from the date of entry of this Order, from directly or indirectly:

    A.    Acting as a federal tax return preparer, or filing, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related tax documents or forms for any person (other than himself) or entity for compensation or any promise of compensation;

1

B. Representing anyone before the IRS for compensation or any promise of compensation;

C. Directly or indirectly owning, managing, controlling, working for, profiting from, investing in, consulting with, advertising for, or volunteering for any tax return preparation business;

D. Selling to any individual or entity a list of tax return preparation customers, or any other tax preparation customer information Michael A. Garno obtained at any time;

E. Assigning, disseminating, providing, or giving to any current or former employee, business associate, manager, tax return preparer, employee, or independent contractor of Michael A. Garno a list of tax return preparation customers or any other tax return preparation customer information obtained by Michael A. Garno through the operation of a tax return preparation business;

F. Training, instructing, teaching, and creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns;

G. Filing, providing forms for, or otherwise aiding and abetting the filing of IRS Forms 1040, 1040X, 8867, 8863, Schedule C, or any other IRS forms containing false or fabricated information;

H. Advising others to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including the misuse of IRS Forms 1040, 1040X, Schedule C, or other IRS forms by inputting false or fabricated information;

I. Seeking permission or authorization (or helping or soliciting others to seek permission or authorization) to file tax returns with an IRS Preparer Tax Identification Number

("PTIN") and/or IRS Electronic Filing Identification Number ("EFIN"), or any other IRS service or program by which one prepares or files tax returns;

J. Using, maintaining, renewing, obtaining, transferring, selling, or assigning any PTIN(s) or EFIN(s);

K. Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws.

**IT IS FURTHER ORDERED** that Michael A. Garno shall, without further proceedings, immediately close any tax return preparation business that he owns directly or through any entity.

**IT IS FURTHER ORDERED** that Michael A. Garno shall, within 30 days of the entry of this order, provide to counsel for the United States in this action a list identifying any persons or entities that acquired or purchased since January 1, 2018 any tax return customer list in his possession or tax return customer information in his possession, including the date of each acquisition or purchase. Garno shall: (a) notify any such purchaser or recipient of the entry of this Permanent Injunction Order by providing an executed copy of the Permanent Injunction Order by United States mail and by e-mail if an e-mail address is known, without enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court; and (b) file with the Court within 45 days of the Court's Permanent Injunction Order, a signed and dated acknowledgement that Garno has provided a copy of the Permanent Injunction Order to each person or entity that acquired or purchased since January 1, 2018 any tax return customer list in his possession or tax return customer information in his possession.

**IT IS FURTHER ORDERED** that Michael A. Garno shall file with the Court and serve on counsel for the United States, within 45 days of the entry of this order, a certification signed under penalty of perjury by Garno stating that he has received the executed copy of this order.

**IT IS FURTHER ORDERED** that the United States may engage in post-judgment discovery to monitor compliance with this injunction.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for one year from its entry for purposes of implementing and enforcing the final judgment and issuing any additional orders necessary and appropriate to the public interest.

**IT IS FURTHER ORDERED** that Michael A. Garno shall not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of this injunction or the reasons for its entry by the Court.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Defendant Michael A. Garno under Counts I-III of the Complaint, as well as a judgment against Michael A. Garno and in favor of the United States for $100,000.00 under Count IV of the Complaint (seeking disgorgement of ill-gotten gains from filing federal tax returns that claim improper tax refunds, understate customers' federal tax liabilities, or otherwise include false or fraudulent claims) since there is no reason for delay. The Court finds that there is no risk of inconsistent judgments involving Garno and the remaining parties to this action, and there is no just reason for delay.

**DONE AND ORDERED** in Tampa, Florida, this 18th day of February, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any